**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **EMNET SIBHAT** § | |
| § | |
| **PLAINTIFF,** § | |
| § | |
| **v.** § | **CIVIL ACTION NO. _____** |
| § | |
| **WAL-MART STORES TEXAS, LLC** § | |
| **d/b/a/ WALMART** § | |
| § | |
| **DEFENDANT.** § | |

---

**INDEX OF STATE COURT PLEADINGS AND FILING DATES**

---

| TAB | DOCUMENT | DATE |
|-----|----------|------|
| 1. | State Court Docket Sheet of the County Court at Law No. 4, Dallas County, Texas for Cause No. CC-22-04473-D | 09/14/2022 |
| 2. | Plaintiff's Original Petition | 08/16/2022 |
| 3. | Issuance of Citation | 08/17/2022 |
| 4. | Executed Citation | 08/18/2022 |
| 5. | Letter to Counsel regarding Dismissal | 08/25/2022 |
| 6. | Defendant's Wal-Mart Stores Texas, LLC's Original Answer to Plaintiff's Original Petition | 09/12/2022 |

# TAB NO. 1

D/1045671v1

## Case Information

CC-22-04473-D | EMNET SIBHAT vs.WALMART STORES TEXAS, LLC D/B/A WALMART

| Case Number | Court | Judicial Officer |
|---|---|---|
| CC-22-04473-D | County Court at Law No. 4 | ROSALES, PAULA |
| File Date | Case Type | Case Status |
| 08/16/2022 | DAMAGES (NON COLLISION) | OPEN |

## Party

PLAINTIFF
SIBHAT, EMNET

Address
409 Bluebonnet Trail
Garland TX 75043

Active Attorneys ▾
Lead Attorney
MCKEY, JEREMY W
Retained

DEFENDANT
WALMART STORES TEXAS, LLC D/B/A WALMART

Address
SERVED THROUGH REGISTERED AGENT
CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201-3136

## Events and Hearings

08/16/2022 NEW CASE FILED (OCA)

08/16/2022 ORIGINAL PETITION ▾

PLAINTIFF'S ORIGINAL PETITION

> Comment
> PLAINTIFF'S ORIGINAL PETITION

08/16/2022 ISSUE CITATION ▾

CITATION 2012

> Comment
> E-SERVE, ENV# 67384452

08/17/2022 CITATION (SERVICE) ▾

**Unserved**

Anticipated Server
ATTORNEY

Anticipated Method

08/19/2022 RETURN OF SERVICE ▾

WALMART STORES TEXAS LLC

> Comment
> WALMART STORES TEXAS LLC

09/12/2022 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER - GENERAL DENIAL

01/09/2023 DISMISSAL HEARING ▾

3 CCL#4 Y LETTER

Judicial Officer
ROSALES, PAULA

Hearing Time
9:00 AM

## Financial

SIBHAT, EMNET

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $358.00 |
| Total Payments and Credits | | | | $358.00 |
| | | | | |
| 8/16/2022 | Transaction Assessment | | | $358.00 |
| 8/16/2022 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2022-07892 | SIBHAT, EMNET | ($221.00) |
| 8/16/2022 | STATE CREDIT | | | ($137.00) |

## Documents

PLAINTIFF'S ORIGINAL PETITION

CITATION 2012

WALMART STORES TEXAS LLC

3 CCL#4 Y LETTER

ORIGINAL ANSWER - GENERAL DENIAL

# TAB NO. 2

D/1045671v1

FILED
8/16/2022 12:02 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-02039-G   Document 1-3   Filed 09/15/22   Page 7 of 30   PageID 18

Cause No. _____

CC-22-04473-D

| | | |
|---|---|---|
| EMNET SIBHAT | § | IN THE COUNTY COURT |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | AT LAW NO. _____ |
| | § | |
| WALMART STORES TEXAS, LLC. d/b/a | § | |
| WALMART | § | |
| *Defendant.* | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes Now, **EMNET SIBHAT,** Plaintiff herein, and brings this suit for relief against **WALMART STORES TEXAS, LLC D/B/A WALMART**, Defendant herein, and would show unto the court as follows:

### I.     DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiff intends to conduct discovery according to Discovery Level 1 because Plaintiff seeks damages of less than $250,000.00.

### II.     PARTIES AND SERVICE

2.     **EMNET SIBHAT** ("***Ms. Sibhat***" or "Plaintiff") is an individual residing in Murphy, Texas.  Plaintiff's Date of Birth is August 13, 1990.  The last three digits of Plaintiff's driver's license number are 294.

3.     **WALMART STORES TEXAS, LLC D/B/A WALMART** ("Walmart" or Defendant") is a foreign corporation authorized to do business in Texas.  **Issuance of citation is requested at this time.  Defendant** and may be served with process on its registered agent:

CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201-3136.

### III.    JURISDICTION AND VENUE

4.    The subject matter in controversy is within the jurisdictional limits of this court.

5.    This court has personal jurisdiction over the Defendant because Defendant regularly conduct business in the State of Texas. Additionally, the court has personal jurisdiction over the Defendant pursuant to Section 17.042(2) of the Texas Civil Practices and Remedies Code because Defendant committed a tort in the State of the Texas.

6.    Venue is proper pursuant to Section 15.002(a)(1) of the Texas Civil Practices and Remedies Code because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas.

### IV.    FACTS

7.    On or about September 19, 2021, Plaintiff suffered injuries on Defendant's premises. **Ms. Sibhat** was a patron, thus, an Invitee of Walmart.  Walmart is a grocery store owned by **Defendant** with hundreds and even thousands of stores around the country and the world.  The particular Walmart where the incident in question occurred is located at 2501 Lakeview Parkway, Rowlett, Texas 75088.

8.    On this date, **Ms. Sibhat** was in the Walmart store. **Ms. Sibhat** had just finished checking out the self-checkout lane #8 and was walking towards the main aisle, towards the front door. **Ms. Sibhat** suddenly slipped and fell in a puddle of water on the floor. **Ms. Sibhat** went down onto her knee and her body maneuvered almost in a split like mannerism.  She also injured her pelvic and groin area. **Ms. Sibhat** was able to get up on her own and went to get her husband from the car to talk to Walmart store's team lead, "Lupe." "Lupe" got the General Manager, "Coach Tyler."

9.    Afterwards the police and Fire Department showed up at the scene.  Walmart completed an incident report.  There were no wet floor signs on the other end to warn the public and

people like *Ms. Sibhat*. The Defendant   never inspected and dried the floor, nor put warning signs or cones in the area to warn persons such as the Defendant, despite employees being aware of the wet floor, as there were multiple Walmart employees around the area where *Ms. Sibhat* fell causing *Ms. Sibha*, to slip and fall thus sustaining injuries.

10.     *Ms. Sibhat* almost immediately experienced pain. She suffered injuries and sought medical attention for these injuries.

## V.     CAUSES OF ACTION

### A. NEGLIGENCE AND RESPONDEAT SUPERIOR

11.     At all relevant times herein, Defendant had such control over the premises in question that Defendant owed certain duties to Plaintiff; the breach of which proximately caused the injuries set forth herein.

12.     At all relevant times herein, Plaintiff was an "invitee," as classified under Texas law at the time of the incident in question. Plaintiff entered Defendant's premises in question for the mutual benefit of Plaintiff and Defendant and/or for a purpose connected with the business of Defendant. Defendant's employees had control of the area where Plaintiff was injured.

13.     Defendant, Defendant's agents, and employees failed to maintain a safe environment for its guests by not properly inspecting the floor in the store, by not drying the floor to stop the leak in the establishment. The floor was still wet and that was causing a dangerous condition for anybody walking in that area, that resulted in Plaintiff's injuries and damages. If Defendant's employee(s) had either dried the floor in that area, inspected, or placed warning signs or cones near the wet floor, Plaintiff's injuries could have been avoided.

14.     At all times pertinent herein, Defendant, Defendant's agents and employees, who were

acting in the scope of their employment, are liable to Plaintiff for their negligent conduct toward the

Plaintiff:

     a.  In Defendant failing to place warning cones or signs in the area to warn persons, such as Plaintiff, about the wet floor and/or unnatural accumulation of similar materials;

     b.  In Defendant failing to maintain a safe environment for its guests by not properly monitoring an area of the establishment set up for customers;

     c.  In Defendant failing to have appropriate safety procedures for their employees and agents on how to place warning signs and cones in the area to prevent the sort of injuries sustained by Plaintiff;

     d.  In Defendant, Defendant's employee(s) and agents failing to use due and reasonable care to avoid creating the dangerous condition that caused Plaintiff severe injuries and damages;

     e.  In Defendant, Defendant's employee(s) and agents failing to use due and reasonable care to remove the dangerous condition that caused Plaintiff severe injuries and damages after it was created;

     f.  In Defendant failing to properly train and supervise its employees and agents to identify and make safe dangerous conditions, which pose an unreasonable risk of injury such as the condition that was created by Defendant' employee(s) and agent(s) who proximately caused Plaintiff's injuries and damages;

     g.  In Defendant's employee(s) and/or agent(s) failing to warn Plaintiff which proximately caused Plaintiff's injuries and damages;

     h.  In Defendant, through its employee(s) and/or agent(s), creating an unreasonable risk of harm by creating a dangerous condition; thereby putting Defendant on notice because when an owner or occupier of a premise, or those for whose conduct it is responsible, creates a condition that poses an unreasonable risk of harm, an inference of knowledge may arise that Defendant knew or should have known about the risk of danger to Plaintiff. *Keetch v. Kroger,* 845 S.W.2d 262, 265 (Tex. 1992); *Robledo v. Kroger,* 597 S.W.2d 560 (Tex. Civ. App.–Eastland 1980, writ ref'd n.r.e.); *See Wal-Mart Stores, Inc. v. Diaz,* 109 S.W.3d 584, 589 (Tex. 2003);

     **1.NEGLIGENCE**

14.     Defendant exercised control and possession of the location of the Plaintiff's fall

occurred.

15.     Defendant had a duty to exercise the degree of care that a reasonably prudent person

would use to avoid harm to others under similar circumstances.  Defendant and their employees failed

to make safe the floor in question on the morning of Plaintiff's fall by creating the subject condition

and/or allowing it to persist. Thus, Defendant created an unreasonably dangerous condition and then failed to warn or make safe the floor; the only means of ingress or egress to the area where Plaintiff was walking.

16.     Defendant negligently, carelessly, or recklessly disregarded their duty, which proximately caused Plaintiff's injuries and damages.

## 2. RESPONDEAT SUPERIOR

17.     At all relevant times, Defendant' negligent employee(s) was/were acting in the scope of her/his/their employment with Defendant. Therefore, under the principle of *respondeat superior*, the masters are liable for their servant's torts, and Defendant are liable for Plaintiff's damages.

## VI.     PLAINTIFF'S DAMAGES

18.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered serious physical injuries and resulting damages, detailed below:

   A.  Reasonable medical care and expenses in the past;
   B.  Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future;
   C.  Physical pain and suffering in the past;
   D.  Physical pain and suffering in the future;
   E.  Mental anguish in the past;
   F.  Mental anguish in the future;
   G.  Loss of earnings in the past;
   H.  Physical impairment in the past;
   I.  Physical impairment in the future;
   J.  Disfigurement.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment

be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF JEREMY W. MCKEY, PLLC

_____
Jeremy W. McKey
State Bar No. 24053353
Craig W. Thomas
State Bar No. 24048047
5899 Preston Road, Ste #203
Frisco, Texas 75034
214-855-8788 – Telephone
888-638-1552 – Facsimile
eservicejmckeylawfirm@gmail.com
**ATTORNEYS FOR PLAINTIFF**

# TAB NO. 3

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-22-04473-D**
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

TO:

**WALMART STORES TEXAS, LLC D/B/A WALMART**
**SERVED THROUGH REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201-3136**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**EMNET SIBHAT**
*Plaintiff(s)*

**VS.**

**WALMART STORES TEXAS, LLC D/B/A WALMART**
*Defendant(s)*

filed in said Court on the 16th day of August, 2022, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 17th day of August, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____, Deputy
        Chantel Crawford



**OFFICER'S RETURN**

---

**ATTORNEY**

**CITATION**
**PLAINTIFF'S ORIGINAL PETITION**

**CC-22-04473-D**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

EMNET SIBHAT, *Plaintiff(s)*

**VS.**

WALMART STORES TEXAS, LLC
D/B/A WALMART, *Defendant(s)*

**SERVE:**
**WALMART STORES TEXAS, LLC**
**D/B/A WALMART**
**SERVED THROUGH REGISTERED**
**AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201-3136**

**ISSUED THIS**
**17TH DAY OF AUGUST, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: CHANTEL CRAWFORD, DEPUTY

Attorney for Plaintiff

JEREMY W MCKEY
LAW OFFICE OF JEREMY W MCKEY
PLLC
5899 PRESTON ROAD SUITE 203
FRISCO TX 75034
214-855-8788

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

CC-22-04473-D   County Court at Law No. 4

EMNET SIBHAT vs .WALMART STORES TEXAS, LLC D/B/A WALMART

**ADDRESS FOR SERVICE:**
SERVED THROUGH REGISTERED AGENT
CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX  75201-3136

**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to WALMART STORES TEXAS, LLC D/B/A WALMART in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
| --- | --- | --- |
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____

and the cause or failure to execute this process is: _____

_____

and the information received as to the whereabouts of said defendant(s) being: _____

_____

Serving Petition and Copy     $_____      _____, Officer

Total     $_____      _____, County, Texas

By: _____, Deputy

_____, Affiant

# TAB NO. 4

Electronically Served
8/17/2022 12:01 PM

# THE STATE OF TEXAS
## CITATION
CAUSE NO. **CC-22-04473-D**
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

FILED
8/19/2022 4:08 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

TO:

**WALMART STORES TEXAS, LLC D/B/A WALMART**
**SERVED THROUGH REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201-3136**

"
You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

### EMNET SIBHAT
*Plaintiff(s)*

VS.

### WALMART STORES TEXAS, LLC D/B/A WALMART
*Defendant(s)*

filed in said Court on the 16th day of August, 2022, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 17th day of August, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____, Deputy
　　Chantel Crawford



---

**ATTORNEY**
**CITATION**
**PLAINTIFF'S ORIGINAL PETITION**

**CC-22-04473-D**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

EMNET SIBHAT, *Plaintiff(s)*

VS.

WALMART STORES TEXAS, LLC
D/B/A WALMART, *Defendant(s)*

**SERVE:**
**WALMART STORES TEXAS, LLC**
**D/B/A WALMART**
**SERVED THROUGH REGISTERED**
**AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201-3136**

**ISSUED THIS**
**17TH DAY OF AUGUST, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: CHANTEL CRAWFORD, DEPUTY

Attorney for Plaintiff
JEREMY W MCKEY
LAW OFFICE OF JEREMY W MCKEY
PLLC
5899 PRESTON ROAD SUITE 203
FRISCO TX 75034
214-855-8788

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

**OFFICER'S RETURN**

CC-22-04473-D   County Court at Law No. 4

EMNET SIBHAT vs .WALMART STORES TEXAS, LLC D/B/A WALMART

**ADDRESS FOR SERVICE:**
SERVED THROUGH REGISTERED AGENT
CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX  75201-3136

**Fees:**
Came to hand on the _18th_ day of _August_, 20 _22_, at _1_ o'clock _A_ .m., and executed in _Dallas_ County, Texas by delivering to WALMART
STORES TEXAS. LLC D/B/A WALMART in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with
the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|

_Walmart Stores Texas, LLC D/B/A Walmart at 2:55pm on 18 August 2022_
_at 1999 Bryan St Suite 900 Dallas TX 75201-3136 B/S Registered Agent CT. Corporation Suite_
_Through Terri Thongsavat_

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy    $ _____    _Krystal Taylor_ , ~~Officer~~

Total  $ _____    _Dallas_ , County, Texas

By: _PSC-19351 exp 1/31/23_ , ~~Deputy~~

_____ , Affiant

_Krystal Taylor_
SWORN TO AND SUBSCRIBED BEFORE ME
ON THIS _18_ DAY OF _August_ 20 _22_

CARRIE MICHELLE DEAN
Notary Public, State of Texas
Comm. Expires 02-01-2026
Notary ID 133563213

x _Carrie M Dean_

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 67490936
Status as of 8/22/2022 11:20 AM CST
Associated Case Party: EMNET SIBHAT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JEREMY WMCKEY | | ESERVICEJMCKEYLAWFIRM@GMAIL.COM | 8/19/2022 4:08:12 PM | SENT |

# TAB NO. 5



# COUNTY COURT AT LAW NO. 4
**GEORGE L. ALLEN, SR. COURTS BUILDING**
**600 COMMERCE STREET, 5TH FLOOR**
**DALLAS, TEXAS 75202**
**214-653-7345**

Chambers of JUDGE PAULA M. ROSALES                    **August 25, 2022**

JEREMY W MCKEY
LAW OFFICE OF JEREMY W MCKEY PLLC
5899 PRESTON ROAD SUITE 203
FRISCO TX  75034

Cause No.    CC-22-04473-D
Cause Style:   EMNET SIBHAT vs.WALMART STORES TEXAS, LLC D/B/A
WALMART

Dear Attorney:

The above case is set for dismissal, pursuant to Rule 165a, Texas Ruled of Civil Procedure on:
**01/09/2023 @ 9:00 AM**.

If no answer has been filed, or if the answer filed is insufficient as a matter of law to place any facts alleged in your petition in issue, you will be expected to have moved for, and to have heard , a summary judgment or to have proved up a default order on or prior to that date.

If an answer has been filed that is sufficient to create a fact issue that prevents disposition of the entire case, or if you have been unable to obtain service of process, you should plan to appear to obtain a reset of the dismissal date or a trial setting as appropriate.

In no event will live witnesses be required unless the default prove-up is for an unliquidated claim. Liquidated claims and attorneys fees may be proved up by affidavit submitted with a form of judgment.

If you should have any questions, please feel free to call us.

Very Truly Yours,

PAULA M. ROSALES
Judge Presiding

# TAB NO. 6

FILED
9/12/2022 9:59 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-02039-G   Document 1-3   Filed 09/15/22   Page 23 of 30   PageID 34

## CAUSE NO. CC-22-04473-D

| | | |
|---|---|---|
| EMNET SIBHAT, | § | **IN THE COUNTY COURT** |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. 4** |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| **DEFENDANT.** | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT WAL-MART STORES TEXAS, LLC'S
## ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, WAL-MART STORES TEXAS, LLC ("Defendant") in the above-styled and numbered cause, and files this Original Answer to Plaintiff's Original Petition, and in support hereof would respectfully show the Court the following.

### I.
### GENERAL DENIAL

1.     Defendant denies each and every, all and singular, the material allegations made and contained in the Original Petition and any petition which Plaintiff may hereinafter file by way of amendment or supplement, and, in accordance with Texas law, demands that Plaintiff prove by a preponderance of the credible evidence each and every such allegation made and contained therein, or the prevailing standard of proof required by applicable law.

### II.
### AFFIRMATIVE DEFENSES

2.     Pleading further, and in the affirmative, Defendant asserts the doctrine of comparative causation as set forth in Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

---

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**          **PAGE 1 OF 6**

3.    Pleading further, if necessary, Plaintiff failed to mitigate Plaintiff's damages which may have resulted from the occurrence made the basis of this lawsuit.

4.    In the alternative, and without waiving the foregoing, Defendant affirmatively pleads the defense set forth in TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091, requiring Plaintiff to prove Plaintiff's loss of earning and/or loss of earning capacity in the form which represents Plaintiff's net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law. *Id.* Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal to state income taxes.

5.    Additionally, to the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in § 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Thus, recovery of medical or health care expenses incurred by Plaintiff, if any, are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

6.    Pleading further, Defendant would show that it is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, pursuant to Rule 48 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

7.    Pleading further, and in the affirmative, Defendant alleges Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in § 304.101 of the TEXAS FINANCE CODE and § 41.007 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

8.      Pleading further, and in the affirmative, Defendant invokes §41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE concerning Plaintiff's claim for the recovery of health care expenses and other related damages, past and future.

9.      Pleading further, and in the affirmative, Defendant asserts the doctrine of proportionate responsibility of TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 33, which may bar any recovery by Plaintiff, or may in the alternative, reduce the amount of recovery by Plaintiff based on Plaintiff's own percentage of fault.

10.     Pleading further, and in the affirmative, Defendant would show that the alleged occurrence made the basis of this lawsuit was the result of circumstances and/or events that were not of Defendant's own creation. Defendant would further show that it acted just as a similar situated reasonable premises owner would have acted under the same or similar circumstances surrounding the matters made the basis of this lawsuit.

11.     Pleading further, and in the affirmative, Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

12.     Pleading further, and in the affirmative, the injuries pled by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

13.     Pleading further, if necessary, Plaintiff's claims may have been caused by an unavoidable accident, Act of God, or an occurrence without any fault on the part of Defendant.

14.     Pleading further and in the alternative, Defendant alleges that any claims for or recovery of exemplary damages against it violates the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and Sections 3, 13 and 19 of Article I of the Texas Constitution, because such claims as made are arbitrary, unreasonable, and violate Defendant's rights to due process and equal protection of the laws.

15.     Pleading further and in the alternative, to the extent any recovery of exemplary damages is found to be constitutional, Defendant invokes all the limitations upon damages and exemplary damages contained in Chapter 41 of the Texas Civil Practice & Remedies Code, both in terms of the maximum amount of damages that can be awarded pursuant to that statute and the procedural safeguards guaranteed by the referenced provisions.

16.     Pleading further and in the alternative, Defendant also invokes all other applicable state law, federal law, statutory and/or common-law caps or limitations on exemplary damages.

### III.
### NOTICE OF INTENT

17.     Defendant further places Plaintiff on notice pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7 that may use in pretrial proceedings or at trial any and all documents and tangible things produced in discovery by plaintiff.

### IV.
### DEMAND FOR JURY TRIAL

18.     In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:   */s/ Derek S. Davis*
‎      **DEREK S. DAVIS**
‎      Texas Bar No. 00793591
‎      Email:  Derek.Davis@CooperScully.com
‎      **CLARISSA A. PRICE**
‎      Texas Bar No. 24082450
‎      Email:  Clarissa.Price@CooperScully.com

‎      900 Jackson Street, Suite 100
‎      Dallas, Texas 75202
‎      Telephone: (214) 712-9500
‎      Facsimile:  (214) 712-9540

‎      **ATTORNEY FOR DEFENDANT**
‎      **WAL-MART STORES TEXAS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of September, 2022, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF filing service as follows:

**Jeremy W. McKey**
State Bar No. 24053353
**Craig W. Thomas**
State Bar No. 24048047
THE LAW OFFICES OF JEREMY W. MCKEY, PLLC
5899 Preston Road, Ste #203
Frisco, Texas 75034
Telephone: (214) 855-8788
Facsimile:  (888) 638-1552
eservicejmckeylawfirm@gmail.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Derek S. Davis*
**DEREK S. DAVIS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Heather Savant on behalf of Derek Davis
Bar No. 793591
heather.savant@cooperscully.com
Envelope ID: 68143366
Status as of 9/12/2022 3:51 PM CST
Associated Case Party: EMNET SIBHAT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JEREMY WMCKEY | | ESERVICEJMCKEYLAWFIRM@GMAIL.COM | 9/12/2022 9:59:20 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Heather Savant on behalf of Derek Davis
Bar No. 793591
heather.savant@cooperscully.com
Envelope ID: 68143366
Status as of 9/12/2022 3:51 PM CST

Associated Case Party: WALMART STORES TEXAS, LLC D/B/A WALMART

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Heather Savant | | heather.savant@cooperscully.com | 9/12/2022 9:59:20 AM | SENT |